## BUNK ALLEN v. STATE.

No. A-3110.   Opinion Filed Nov. 8, 1919.

(184 Pac. 793.)

RAPE—Sufficiency of Evidence.   In a prosecution for statutory rape, the evidence considered, and conviction affirmed.

*Appeal from District Court, Carter County;*
*W. F. Freeman, Judge.*

Bunk Allen was convicted of statutory rape, and he appeals. Affirmed.

*J. B. Champion* and *W. F. Bowman,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  Plaintiff in error, Bunk Allen, was charged in an information filed in the district court of Carter county with the crime of statutory rape, alleged to have been committed upon one Beulah Kesterson, a female under 16 years of age.  On February 7, 1917, a trial was had, which resulted in his conviction, fixing his punishment at imprisonment in the penitentiary for a term of five years.  From the judgment rendered on the verdict he appeals.

The material testimony in the case is in substance this: The prosecutrix testified that at the time charged her age was 14 years and four months; that she had lived near Wilson, Carter county, 11 years; that on the day in question she met the defendant in Wilson, and at his request went with him to a room over Brymer's store, and there had sexual intercourse with him; that Mr. Jones and Mr. Griffin entered the room while the defendant was having intercourse with her.

C. P. Jones testified that he was a constable of Pewitt township, and on the day charged saw the defendant in John Pruitt's rooming house over Brymer's store in a room on the west side; that he went there with the city marshal of Wilson; that he kicked the door open, and found the defendant in bed with this little girl.

The defendant testified that he was 33 years of age, married, was engaged as driver of a service car in the town of Wilson; that he went upstairs with a friend to take a drink of whisky, and while there the prosecutrix came into the room; that his friend left the room; that he and this girl went to bed, and about that time the officers came in; that he did not have sexual intercourse with her.

It is assigned as error that the court excluded competent proof offered on behalf of the defendant.

The record shows that the only evidence excluded was that offered tending to show what the prosecutrix prior to the time charged had sexual intercourse with other men. Had this fact been established beyond a reasonable doubt, it would have been no defense to the charge in this case. The evidence excluded was incompetent and inadmissible for any purpose. If the defendant had sexual intercourse with the prosecutrix when she was under 16 years of age, the offense was complete.

As to the sufficiency of the evidence to support the verdict, it is only necessary to say that it is impossible to see how the jury could have arrived at any other conclusion.

Discovering no prejudicial error in the record, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.